UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>                                  Plaintiff,<br><br>v.<br><br>VISTA PALM PLAZA LLC,<br><br>                                  Defendant. | Case No. 20-cv-1010-MMA (AGS)<br><br>**ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW**<br><br>[Doc. No. 9] |

Counsel for Vista Palm Plaza LLC ("Defendant"), Aron D. Hier ("Hier") and Justin J. Kizy ("Kizy") (collectively, "Counsel"), move to withdraw as counsel of record. *See* Doc. No. 9.  As set forth in their motion and declaration, Counsel note that Defendant has failed to sign their non-contingency fee written retainer agreement or waiver. *See* Doc. No. 9-1 at 4; Hier & Kizy Decl., Doc. No. 9-2 ¶ 5.  Counsel argue that they, thus, "cannot continue to represent [Defendant] while complying with California Rules of Professional Responsibility and therefore further representation is impermissible under the California Rules of Conduct." Hier & Kizy Decl., Doc. No. 9-2 ¶ 6.  Counsel declare that they served their motion on Defendant and opposing counsel. *Id.* ¶ 7; *see also* Doc.

No. 9-3; CivLR 83.3.f.3.  Given that no opposition brief was filed, *see* CivLR 7.1.e.2; *see also* CivLR 7.1.e.7, the Court finds that the motion is unopposed.

"An attorney may not withdraw as counsel except by leave of court," *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992), and "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal.*, Inc., No. 07-cv-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (quoting *Irwin v. Mascott*, No. C 97-4737 JL, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004)); *see also* Cal. R. Prof. Conduct Rule 1.16(c); CivLR 83.3.f.3.  Courts consider the following when ruling on a motion to withdraw as counsel: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* (quoting *Irwin*, 2004 U.S. Dist. LEXIS 28264, at *4); *see also Murphy v. Teamsters Union Local 542*, No. 12-cv-340-MMA (BGS), 2013 WL 12121235, at *1 (S.D. Cal. Jan. 4, 2013).

As to the first factor, Counsel argue that "[Defendant's] refusal to respond to [Counsel's] requests to cooperate in something as fundamental as signing or waiving a written fee agreement represents a stumbling block that makes it unreasonably difficult for [Counsel] to effectively represent [Defendant] before this Court."  Doc. No. 9-1 at 4. Under the California Rules of Professional Conduct, a lawyer must withdraw if she or he knows "the representation will result in violation of these rules or of the State Bar Act." Cal. R. Prof. Conduct 1.16(a)(2).  Under the California Business and Professions Code, attorney expenses that will foreseeably exceed $1,000 generally require a written fee agreement.  *See* Cal. Bus. & Prof. Code § 6148(a).  *But see id.* § 6148(d) (listing exceptions).  Moreover, a lawyer may withdraw as counsel if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. R. Prof. Conduct 1.16(b)(4).  The Court finds that Counsel have good reason to seek withdrawal because of Defendant's refusal to come to a consensus with

2

20-cv-1010-MMA (AGS)

Counsel over the fee agreement or waiver, and Defendant indicated that it does not intend to have Counsel represent it in this action. *See* Doc. No. 9-2 at 3; Hier & Kizy Decl., Doc. No. 9-2 ¶ 5.

As to the second factor, Counsel argue that there will be no prejudice to the parties because "[t]he Early Neutral Evaluation and Case Management Conference are set for over two months from today." Doc. No. 9-1 at 5. Given that this action is in its early stages and the Magistrate Judge recently granted a joint motion to continue dates, *see* Doc. No. 13, the Court agrees and finds that prejudice is minimal.

As to the third and fourth factors, Counsel argue that "withdrawal would cause no harm to the administration of justice and cause no delay in this case." *Id.* The Court finds the third and fourth factors weigh in favor of Counsel's motion.

After reviewing the record of this case and the reasons for withdrawal noted by Counsel, and good cause appearing, the Court **GRANTS** Counsel's motion to withdraw.[1] The Court **ORDERS** Counsel to provide a copy of this Order to Defendant. The Court **VACATES** the August 10, 2020 hearing date. Given that Defendant is a limited liability company, the Court **INSTRUCTS** Defendant that it "may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." CivLR 83.3.j. Therefore, the Court **ORDERS** Defendant to retain new counsel, and the new counsel must file a Notice of Appearance on or before **August 7, 2020**.

**IT IS SO ORDERED**.

Dated: July 28, 2020

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] In filing its motion with this Court and its joint motion to extend deadlines with the Magistrate Judge, Counsel appears to have made duplicative filings. *See* Doc. Nos. 8 (containing the notice of motion and motion to withdraw), 9 (containing the notice of motion, motion to withdraw, and supporting memorandum of points and authorities), 10 (containing the same content but with a different docket description), 11 (containing the joint motion to continue Early Neutral Evaluation deadlines), 12 (containing the same joint motion). The Clerk of Court sent Counsel a QC mailer indicating the discrepancies. However, Counsel has not taken corrective action; the duplicative entries have remained on the docket. Therefore, because the documents are duplicative, the Court **STRIKES** Doc. Nos. 8, 10, 11.